IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB R. ENGLE,<br>**Plaintiff** | : | No. 4:24cv543 |
| v. | : | (Judge Munley) |
| MATTHEW J. KIESKI, *et al.*,<br>**Defendants** | : | (Magistrate Judge Arbuckle) |

## ORDER

**AND NOW**, to wit, this 3rd day of March 2025, before the court for disposition is Magistrate Judge William I. Arbuckle's report and recommendation, ("R&R"), which proposes the dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted without further leave to amend. The Clerk of Court mailed the R&R to the plaintiff on February 6, 2025. (Doc. 12). The address provided by the plaintiff when he filed this lawsuit indicated that he is a prisoner at the State Correctional Institution (SCI) Greene. SCI-Greene, however, returned the R&R to the court on February 27, 2025 indicating that plaintiff had been paroled on July 18, 2024. (Doc. 13). Plaintiff has an affirmative obligation to keep the court informed of his current address, and plaintiff was directed to immediately inform the court of any change of address that occurs during the litigation of this lawsuit.

(Doc. 4). Despite this direction, plaintiff has not updated his address with the court since being paroled more than seven months ago.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." Qadr v. Overmyer, 642 F. App'x 100, 102 (3d Cir. 2016). Additionally, district courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Normally, dismissals for failure to prosecute are governed by a balancing of the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). However, "when a litigant's conduct makes adjudication of the case impossible, balancing under Poulis is unnecessary." Sebrell ex rel. v. Phila. Pol. Dep't, 159 F. App'x 371, 374 (3d Cir. 2005); Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

Plaintiff's failure to update the court as to his contact information has made it impossible for the court to adjudicate his case. Filings which have been sent to the plaintiff, such as the R&R and several other orders, have been returned to the court as undeliverable. (See Docs. 10, 13). Therefore, the case will be dismissed without prejudice for failure to prosecute. See Cruz v. Bryan, No. CV

2

2016-0020, 2024 WL 1367825 (D.V.I. Mar. 31, 2024) (dismissing a case for failure to prosecute because adjudication of the case was made impossible by plaintiff's failure to update his contact information with the court).

Accordingly, plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

3